IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Arlene Otis**, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED: JULY 17, 2008** |
| vs. | ) Case No. | **08CV4052** |
| | ) | **JUDGE ASPEN** |
| **City of Chicago**, et al., | ) | **MAGISTRATE JUDGE VALDEZ** |
| | ) | **AEE** |
| Defendants. | ) | |

NOTICE OF REMOVAL

Defendant City of Chicago, by one of its attorneys, Liza M. Franklin, Chief Assistant Corporation Counsel of the City of Chicago, respectfully remove the above entitled action to this Court, pursuant to 28 U.S.C. §1441(b) and (c), §1446, and on the following grounds:

1. Defendant City of Chicago is named as defendants in a civil action filed on January 30, 2008, and an Amended Complaint on June 16, 2008 in the Circuit Court of Cook County of the State of Illinois, case number 08 L 1057, entitled Arlene Otis v. City of Chicago. See Amended Complaint at Law attached hereto as Exhibit A.

2. The original summons and complaint were served upon the City of Chicago on or about February 25, 2008.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Illinois common law. Plaintiff alleges that the defendants deprived her of her liberty and property in violation of his rights under the fourth and fourteenth amendment of the United States Constitution and his rights under Illinois law.

4. Defendants are entitled to remove this action to this court, pursuant to 28 U.S.C. §1441(b) and (c).

5. It appears from the face of plaintiff's complaint that this is, primarily, a civil rights action which arises under the United States Constitution and involves federal questions. Plaintiff's complaint alleges, among other things, that the defendants violated the rights of the plaintiff as guaranteed by the United States Constitution.

WHEREFORE, defendant City of Chicago respectfully request that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 08 L 1057, be removed therefrom to this Court.

Respectfully submitted,

/s/ Liza M. Franklin
Liza M. Franklin
Chief Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, IL  60602
(312) 742-0710
Atty. No. 06216088

IN THE CIRCUIT COURT OF COOK COUNTY
LAW DIVISION, FIRST DISTRICT

ARLENE OTIS,

        PLAINTIFF,

        VS.                                  NO. 08 L 001057

CITY OF CHICAGO,
        A MUNICIPAL CORPORATION,

        DEFENDANT.

## AMENDED COMPLAINT AT LAW

1.   Plaintiff, Arlene Otis, sues the above named defendants for violation of her civil and constitutional rights.

2.   On January 31, 2007, plaintiff returned home from the loop and tried to get some rest.

3.   Plaintiff noted that her son's friend, Darrien McDaniels, rang the doorbell and was let in by her son. The visitor was carrying nothing in his hands.

4.   As plaintiff was lying in her bed, she heard a loud knocking from the door leading into her building.

5.   As plaintiff went to answer her door, three males (her son and two of his friends) exited her apartment.

6.   Plaintiff went to her door to open it but the police had obtained entry to one door. As plaintiff stood at the second door, officers broke the glass and opened the door.

1

7.  The police ordered her to leave the building completely and as she stood outside on the sidewalk in the cold without a coat, she saw her son and his friend, Darrien McDaniels, in her backyard. Darrien McDaniels climbed a fence between two properties.

8.  The police first saw Darrien McDaniels in her neighbor's backyard. They started to yell and had to run down two alleys to access this backyard.

9.  The police opened a trunk of a police car, took out a large bolt cutter and cut the locks and chains off the gates of both properties. The officers never closed this car trunk.

10. The police took her son and his friend, Darrien McDaniels, into custody in the backyards and brought them inside her house for interrogation.

11. At various points police officers claimed that they had a warrant. Plaintiff inquired why they had not simply rang the bell. An officer responded that they couldn't ring the bell because it was a no-knock warrant. Police officers never produced a warrant to show plaintiff.

12. During the interrogation, officers shouted at the four individuals, cursed, used derogatory language, used racial epithets, waved their guns at persons, pointed their guns at persons, and threatened to kill persons.

13. At one point an officer claimed that they were there to have plaintiff evicted from her apartment. City officials, including the building apartment and the Chicago Police have visited her landlord to urge that he evict her. Plaintiff is currently being evicted from her apartment.

14. Plaintiff's apartment was searched and numerous items were destroyed without just cause, including but no limited to, a love seat, pictures, a TV, and commemorative plates. Commemorative plates and other items are missing. Money was taken from locations in the apartment that was not returned.

15. A police officer left plaintiff's building, going completely outside the building and returning with a duffel bag that was later opened to reveal weapons.

16.  The police tried to get persons inside the apartment to swear to falsehoods, including but not limited to, that Darrien McDaniels was a resident of the apartment and that contraband produced belonged solely to him.

17.  Plaintiff is a severely disabled person who cannot handle excessive stress. She has numerous medical problems aggravated by stress. Plaintiff was in extreme pain throughout the incident. Plaintiff was traumatized during the incident.

18.  Standing outside, in January, in the cold, without a cold made plaintiff very ill.

19.  Officers, in their police reports, made false statements, including but not limited to, that they had first observed Darrien McDaniels inside her apartment, that they had seen Darrien McDaniels holding the duffel bag inside her apartment, that Darrien McDaniels resided in the apartment, and that Darrien McDaniels kept illegal contraband inside her apartment.

20.  Plaintiff was deprived of her liberty, property, and health due solely to the actions of the Chicago Police Department.

Plaintiff demands a jury trial.

WHEREFORE, plaintiff prays that the Court grant damages in the amount of $6,000,000, and other just and proper relief as the Court sees fit.

June 17, 2008

Arlene Otis, plaintiff-appellant, pro se
7515 S. Langley Ave.
Chicago, IL 60619
(773) 371-0736

3