UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARLENE OTIS, | ) | |
| | ) | **No. 08 C 4052** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ASPEN |
| | ) | |
| CITY OF CHICAGO, A MUNICIPAL CORPORATION, | ) ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

### DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, pursuant to the Federal Rules of Civil procedure 12(b)(6), respectfully moves this Honorable Court to dismiss Plaintiff's Amended Complaint at Law. In support of this motion, the City submits the following:

### STATEMENT OF THE CASE

Plaintiff Arlene Otis filed her Complaint at Law in the Circuit Court of Cook County, Law Division, docket no. 08 L 001057, on January 30, 2008. Plaintiff subsequently filed an Amended Complaint at Law ("amended complaint") on May 5, 2008. Defendant City of Chicago filed a Notice of Removal to Federal Court on July on 17, 2008.

Plaintiff alleges that on January 31, 2007, upon returning home, she heard her son's friend, Darrien McDaniels, ring her doorbell and saw her son let McDaniels into her apartment (Amended Complaint ¶¶ 1-2). Plaintiff alleges that McDaniels was not carrying anything in his hands when he arrived (*Id*., ¶ 2). Plaintiff subsequently heard a loud knocking from the door

1

leading into her building (*Id.*, ¶ 3).  As Plaintiff went to answer the door, her son and two of his friends exited her apartment (*Id.*, ¶ 4).  Plaintiff went to her door to open it but "the police" had obtained entry through one door (*Id.*, ¶ 6).  Plaintiff alleges that as she stood at the second door, "officers" broke the glass and opened the door (*Id.*).  Plaintiff further alleges "the police" ordered Plaintiff to leave the apartment building (*Id.*, ¶ 7).  As Plaintiff stood outside she saw her son and McDaniels in her backyard and watched McDaniels climbed the fence (*Id.*).  The police gave chase and "took her son and [McDaniels] into custody" and brought them inside Plaintiff's apartment for questioning (*Id.*, ¶¶ 8-10).

    During the "interrogation," Plaintiff alleges "police officers" claimed to have a "no-knock warrant," but never produced it to Plaintiff (*Id.*, ¶ 11).  Plaintiff alleges "officers" shouted, cursed, used derogatory language, used racial epithets, waved and pointed their guns and threatened to kill "the four individuals" (*Id.*, ¶ 12).  Plaintiff further alleges "an officer" claimed they were there to have Plaintiff evicted and that Plaintiff is currently being evicted from her apartment (*Id.*, ¶ 13).  Plaintiff claims her apartment was searched, various items were destroyed and money was taken from the location and never returned (*Id.*, ¶ 14).  Plaintiff goes on to allege that "a police officer" left her apartment and returned with a duffel bag containing "weapons" (*Id.*, ¶ 15).  "The police" then attempted to get "the persons inside the apartment" to swear that McDaniels is a resident of the apartment and that "contraband produced" belonged to him (*Id.*, ¶ 16).  Plaintiff alleges "officers," in their police reports, made false statements including that they observed McDaniels holding the duffel bag inside Plaintiff's apartment, that McDaniels resided and kept illegal contraband at Plaintiff's apartment (*Id.*, ¶ 19).

    Plaintiff alleges she is severely disabled and cannot handle stress and has suffered

numerous medical problems aggravated by stress (*Id.*, ¶ 17).  Plaintiff claims she was in extreme pain throughout the incident and was traumatized by the incident (*Id.*).  Additionally, Plaintiff alleges she fell very ill after being forced to stand outside her apartment in the cold (*Id.*, ¶ 18).  Finally, Plaintiff alleges she was "deprived of her liberty, property, and health due solely to the actions of the Chicago Police Department" (*Id.*, ¶ 20).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the challenged pleading fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); *see also Corcoran v. Chicago Park District*, 875 F.3d 609, 611 (7th Cir. 1989).  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Although when considering a motion to dismiss a court accepts as true all well-pleaded facts and reasonable inferences, a court is not obligated to accept a complaint that merely raises the possibility of relief. *E.E.O.C. v. Concentra Health Servs., Inc.*, 2007 WL 2215764, *2 (7th Cir. 2007)   Rather, to survive a Rule 12(b)(6) motion, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"(Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.   Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. *Bell Atlantic,* 127 S.Ct. at 1964.

## ARGUMENT

I.  **Plaintiff's Amended Complaint Failed To Give The City Fair Notice of Her Claim(s) Against The City.**

A complaint need not contain detailed factual allegations, but it must provide a defendant with "fair notice of what...the claim is and the grounds upon which it rests." *Bell Atlantic,* 127 S.Ct. at1964 (internal citation omitted). Such notice should "outline or adumbrate" the alleged violations and connect the violations to the defendants. *Christensen v. County of Boone,* 483 F. 3d 454, 459 (7th Cir. 2007)(*citing Brownlee v. Conine,* 957 F. 2d 353, 354 (7th Cir. 1992)). Further, a plaintiff must do more than merely name the defendant in the caption of the complaint. See *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Thus, a complaint should be dismissed if it includes the defendant's name in the case caption, but fails to allege a specific act on the part of the defendant. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

In the instant case, the only defendant named in the caption of Plaintiff's amended complaint is the City of Chicago. However, Plaintiff does not name the City anywhere in the body of the amended complaint. The amended complaint alleges conduct of "the police," "officers" and "police officers" caused her injury and violated her rights. The last sentence of Plaintiff's amended complaint states, "Plaintiff was deprived of her liberty, property, and health due solely to the actions of the Chicago Police Department." However, the body of Plaintiff's amended complaint fails to identify any actions taken by the Chicago Police Department or its employees/agents. References to "the police," "officers" and "police officers" generally is not sufficient to put the City on notice of the basis for Plaintiff's claim(s). Therefore, Plaintiff's

failure to direct specific allegations or claims against the City is not sufficient under *Potter v. Clark* and not fair notice under *Bell Atlantic Corp. v. Twombly*.

**II.     Plaintiff Failed To Sufficiently Allege Liability Against The City Pursuant To *Monell v. New York City Dept. of Social Services*.**

Although Plaintiff's amended complaint does not specify such, it appears she is seeking relief under Section 1983 for violations of her civil rights. *See* 42 U.S.C.A. 1983. Historically municipalities had been held not to be "persons" within the meaning of § 1983 and thus could not be sued under the statute. Through the case *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the Supreme Court held municipalities are subject to § 1983 liability in the following situation:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Thus, Plaintiff must properly plead a *Monell* allegation against the City in order to succeed under § 1983.

The law is clear in requiring litigants to "identify the offending municipal policy with precision" so courts can prevent trials from straying off into "collateral accusations of marginally related incidents." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). In her amended complaint, Plaintiff fails to identify a policy, practice or custom of the City whatsoever, yet alone a policy, practice or custom that directly caused her injuries and violation of rights. Plaintiff's failure to allege a *Monell* allegation warrants the City's dismissal from this litigation as the City cannot otherwise be held liable under § 1983.

5

**WHEREFORE**, because Plaintiff fails to sufficiently plead facts to provide the City with fair notice of the claims against it and the basis for such claims, and Plaintiff fails to adequately plead a *Monell* claim against the City, Defendant City of Chicago respectfully request this Honorable Court to dismiss Plaintiff's Amended Complaint at Law.

    Respectfully Submitted,

    /s/   Kathleen D. Manion
    KATHLEEN D. MANION
    Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
312.742.9866
Attorney No.: 06286785